UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARK SIMON,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE
SERGEANT ERIC RODRIGUEZ (Shield # 4742), OFFICER STEVEN
KIRIAKOPOULOS (Shield # 20134),
POLICE OFFICER ROMAN GORIS
(Shield # 14772) and POLICE OFFICER
RICHARD LEE (Shield # 23796),

                    Defendants.
--------------------------------------------------------x

11 Civ. 624 (ARR)(JO)

AMENDED COMPLAINT

JURY DEMAND

Plaintiff MARK SIMON (hereinafter "plaintiff"), by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, SERGEANT ERIC RODRIGUEZ (Shield # 4742), POLICE OFFICER STEVEN KIRIAKOPOULOS (Shield # 20134), POLICE OFFICER ROMAN GORIS (Shield # 14772) and POLICE OFFICER RICHARD LEE (Shield # 23796) (collectively referred to as the Defendants), upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity

        secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5. All conditions precedent to the filing of this action have been complied with. On October 18, 2010, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 10PI038731.

6. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7. This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

8. Plaintiff is a resident of the County of Kings, City and State of New York. Plaintiff is a black male of full age.

9. At all relevant times, SERGEANT ERIC RODRIGUEZ (Shield # 4742), POLICE OFFICER STEVEN KIRIAKOPOULOS (Shield # 20134), POLICE OFFICER ROMAN GORIS (Shield # 14772) and POLICE OFFICER RICHARD LEE (Shield # 23796) (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

10. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

11. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about September 10, 2010, at approximately 06:30 p.m., within the courtyard/backyard of the premises known as 250 Kingston Avenue, Brooklyn, New York (hereinafter "subject premises"), the plaintiff was falsely arrested without probable cause by the defendant

officers of, upon information and well founded belief, the 77th Precinct of the Police Department of the City of New York.

14. At the time of the above-referenced arrest, the plaintiff, without any basis, was accused by the arresting officers of consuming alcohol in public (NYC AC 10-125(B)).

15. That in fact, at the above-referenced place and time, the plaintiff was present within the courtyard/backyard of the subject premises.

16. That in fact, at the above-referenced place and time, the plaintiff was on his cellular phone, engaged in a long distance telephone conversation, when he was accosted by the above-referenced offending officers.

17. One of the officers, quite rudely, told the plaintiff to "get off the phone". The plaintiff, surprised at the officer's words and tone, asked why he was being asked to do so. The officer responded "Don't make it hard for yourself, just get off the phone". The plaintiff then informed the person he was speaking with that he would call back, and ended the telephone conversation he was engaged in.

18. The officer, without any probable cause, then asked to see the plaintiff's identification. The plaintiff, again surprised at the intrusion, asked "for what?" The officer again said "Don't make it hard for yourself". So the plaintiff complied and gave the officer his driver's license.

19. The officer then walked away with the plaintiff's driver's license, but after taking a few steps towards the door that led back into the building, turned around, returned to the plaintiff, and instructed the plaintiff to turn around and put his hands behind his back.

20. The plaintiff, at this point thoroughly alarmed, asked the officer if he was being arrested. The officer said "yes", in response to which the plaintiff asked why he was being arrested. The officer then stated to the plaintiff that he was being arrested for an "open container". The plaintiff replied, "what open container are you talking about?" The

        officer replied "you want to make this hard?" As such, the plaintiff complied and placed his hands behind his back. The plaintiff was then handcuffed and arrested by the officer.

21.    At the time the plaintiff was arrested, the other police officers were present and observed the actions of the first officer.

22.    Upon information and well founded belief, defendant Sergeant Eric Rodriguez directly approved of the plaintiff's arrest, and/or encouraged the other named defendant officers to arrest the plaintiff

23.    Following his arrest, the plaintiff was taken to the 77th precinct, and compelled to submit to photographing and fingerprinting.

24.    At approximately 01:00 a.m. on September 11, 2010, the plaintiff was transported to Central Booking located at downtown Brooklyn on Schermerhorn Street. At approximately 12:30 p.m. on September 11, 2010, the plaintiff was arraigned before a judge on the completely false and trumped up charges of Consumption of Alcohol in Public (NYC AC 10-125(B)).

25.    At arraignment, the matter was adjourned in contemplation of dismissal, and the plaintiff was released at approximately 01:00 p.m.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

26.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27.    The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

28.    As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who

        know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

29.    Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

30.    The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

<u>CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983</u>

31.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32.    Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

33.    The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

34.    As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

<u>CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE</u>

35.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The individual defendants created false evidence against the plaintiff.
37. The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's office.
38. The individual defendants provided false testimony throughout the criminal proceedings.
39. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.
40. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

41. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.
42. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.
43. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

44. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:
a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;
b. manufacturing evidence against individuals allegedly involved in illegal acts; and
c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

45. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

46. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

47. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

48. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate

indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiffs; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiffs as alleged herein, and deprived plaintiffs of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

(a)     The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b )    The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)     The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained and subsequently prosecuted.

49.     As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of his liberty without due process of law.

50.     The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated said plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

51. The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

52. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury.

Dated: Brooklyn, New York
May 10, 2011

Law Offices of Wale Mosaku, P.C.

By: /s/

Wale Mosaku (AM5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

Diep Nguyen, Esq.
Assistant Corporation Counsel
City of New York Law Department

Attorney(s) for Defendants
City of New York, Police Officer Steven Kiriakopolous and Police Officer Richard Lee
100 Church Street
New York, N.Y. 10007
(212) 341-9848

SERGEANT ERIC RODRIGUEZ (Shield # 4742)
Defendant Pro Se
77th Police Precinct
127 Utica Avenue
Brooklyn, New York 11213

POLICE OFFICER ROMAN GORIS (Shield # 14772)
Defendant Pro Se
77th Police Precinct
127 Utica Avenue
Brooklyn, New York 11213